STEPHEN M. HAYES (SBN: 83583)
TYLER R. AUSTIN (SBN 293977)
HAYES SCOTT BONINO ELLINGSON
GUSLANI SIMONSON & CLAUSE, LLP
999 Skyway Road, Suite 310
San Carlos, California 94070
Telephone:   (650) 637-9100
Facsimile:   (650) 637-8071

Attorneys for Defendants
NATIONAL GENERAL INSURANCE COMPANY
and INTEGON NATIONAL INSURANCE
COMPANY

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC GUTIERREZ,<br>and all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL GENERAL INSURANCE<br>COMPANY; INTEGON NATIONAL<br>INSURANCE COMPANY; and DOES<br>1 through 10, inclusive,<br><br>Defendants. | CASE NO.: '22CV1209 L    BGS<br><br>**DEFENDANTS' NOTICE OF<br>REMOVAL OF CIVIL ACTION<br>UNDER 28 U.S.C. SECTIONS 1332<br>AND 1441a<br>[DIVERSITY JURISDICTION];<br>DEMAND FOR JURY TRIAL** |

1953363

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that defendants National General Insurance Company and Integon National Insurance Company hereby remove to this Court the state action described below:

1. National General Insurance Company and Integon National Insurance Company ("defendants") are defendants in the civil action commenced on July 13, 2022 in the Superior Court of the State of California, County of San Diego, Case No. 37-2022-00027831-CU-IC-CTL, entitled *Isaac Gutierrez v. National General Insurance Company, et al.*   A copy of the complaint is attached hereto as **Exhibit 1** and is incorporated as part of this notice.

2. Defendants filed their answer on August 17, 2022.  A true and correct copy of the answer is attached hereto as **Exhibit 2** and is incorporated as part of this notice of removal and removal.

3. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. section 1332, and is one that may be removed to this Court by defendants pursuant to the provisions of 28 U.S.C. section 1441, subdivision (a), in that it is a civil action wherein the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs, and is between citizens of different states.

4. The fact that the amount in controversy exceeds the minimum requirement for diversity jurisdiction can be determined by the nature of the claims and the amount and type of damages sought in the complaint.  The complaint is a putative class action and seeks damages for bad faith breach of insurance contract, fraud, negligent misrepresentation, unfair business practices, and breach of contract. The complaint alleges that defendants improperly denied plaintiffs' automobile insurance claims which sought both collision damage and third-party liability benefits.  Complaint, ¶¶ 2, 31.  The complaint further alleges that defendants

**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTIONS 1332 AND 1441a [DIVERSITY JURISDICTION]; DEMAND FOR JURY TRIAL**

improperly rescinded[1] plaintiff's and the putative class members' policies based on the failure to disclose household members in the application for insurance. Complaint, ¶¶ 2, 31.  The complaint further alleges that the rescission of plaintiff and the putative class members' policies was the result of a systematic process employed by defendants and their "sales agents" whereby they intentionally failed to put information about household members on plaintiffs' applications so that they would have a reason to rescind the policies after a claim was made.  Complaint, ¶¶ 32-37.

5.      Plaintiffs' Complaint includes a broad prayer for relief which seeks recovery of both general and special, non-economic and economic damages. Complaint, p. 14.  In addition to Gutierrez's own alleged collision damage to his vehicle, he is also subject to third party liability for approximately $14,000 pursuant to a subrogation claim from the other driver's insurance carrier.  Plaintiffs also allege that the putative class members will suffer future economic damages in the form of increased insurance premiums or the inability to obtain insurance at all because of being "blacklisted" after having their policies rescinded.  Complaint, ¶ 37.  The economic consequences of this allegation are far-reaching and could result in significant damages for future economic losses.  Plaintiff and the putative class members also seek restitution and/or disgorgement of profits pursuant to their Unfair Competition Law claim as a result of what plaintiffs allege is a systemic practice of defrauding insureds.  Complaint, ¶¶ 78-84.  Disgorgement of profits related to a large number of insureds would result in significant damages.

6.      Plaintiffs also seek recovery of their attorney fees and costs for this action.  Complaint, ¶ 51 and p. 14:11.  The claim for attorney fees and costs constitutes an element of plaintiffs' special damages on a theory that plaintiffs incurred these so-called *Brandt* fees to recover unreasonably withheld policy benefits.  *Brandt v. Superior Court,* 37 Cal.3d 813 (1985.)

---

[1] Plaintiffs use the word "cancelled," but the policies were actually rescinded based on material misrepresentations in the application.

7.     Plaintiffs also seek punitive damages.  Complaint, ¶ 53, p. 14:8.  Even if the Court adopts a "due process multiplier" of just one times actual damages, the amount in controversy would be more than $75,000.  *Johnson v. Ford Motor Co.*, 35 Cal.4th 1191 (2005); *Wysinger v. Automobile Club of Southern California*, 157 Cal.App.4th 413 (2007).

8.     At the time of the commencement of this action, and at all times since, defendant National General Insurance Company has been, and still is, a corporation of the State of Missouri, being incorporated under the laws of Missouri, and has had and continues to have its principal place of business in North Carolina.

9.     At the time of the commencement of this action, and at all times since, defendant Integon National Insurance Company has been, and still is, a corporation of the State of Connecticut, being incorporated under the laws of Connecticut, and has had and continues to have its principal place of business in North Carolina.

10.     This action was brought in the State of California.  Defendants are not, at the time of the institution of this action, and are not now, a corporation incorporated under the laws of the State of California, and do not have at the time of the institution of this action, and do not have now, their principal place of business in California.

Dated:  August 18, 2022          HAYES SCOTT BONINO ELLINGSON
                                 GUSLANI SIMONSON & CLAUSE, LLP


                                 By:  */S/ Tyler R. Austin*
                                 STEPHEN M. HAYES
                                 TYLER R. AUSTIN
                                 Attorneys for Defendants
                                 NATIONAL GENERAL INSURANCE
                                 COMPANY and INTEGON NATIONAL
                                 INSURANCE COMPANY

## **DEMAND FOR JURY TRIAL**

Defendants National General Insurance Company and Integon National Insurance Company hereby demand a trial by jury.

Dated:  August 18, 2022      HAYES SCOTT BONINO ELLINGSON
                                  GUSLANI SIMONSON & CLAUSE, LLP


By:  */S/ Tyler R. Austin*
         STEPHEN M. HAYES
         TYLER R. AUSTIN
         Attorneys for Defendants
         NATIONAL GENERAL INSURANCE
         COMPANY and INTEGON NATIONAL
         INSURANCE COMPANY

**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTIONS 1332 AND 1441a [DIVERSITY JURISDICTION]; DEMAND FOR JURY TRIAL**

# EXHIBIT 1

1  Daniel S. Levinson, State Bar No. 167659
   Levinson Stockton LLP
2  990 Highland Drive, Suite 206
   Solana Beach, California 92075
3  Telephone: (858) 792-1100

4  Attorneys for Plaintiff and the Class

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**07/13/2022** at 04:16:11 PM
Clerk of the Superior Court
By Armando Villasenor, Deputy Clerk

5

6

7

8                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                   **COUNTY OF SAN DIEGO, CENTRAL**

10 ISSAC GUTIERREZ,                        )  Case No: 37-2022-00027831-CU-IC-CTL
   and all others similarly situated,     )
11                                         )  CLASS ACTION COMPLAINT FOR
          Plaintiffs,                      )  DAMAGES FOR:
12                                         )
   vs.                                     )  1. Bad Faith Breach of Insurance Contract,
13                                         )  *i.e.,* Tortious Breach of the Implied
   NATIONAL GENERAL INSURANCE             )  Covenant of Good Faith and Fair Dealing
14 COMPANY;                                )  2. Fraud
   INTEGON NATIONAL INSURANCE             )  3. Negligent Misrepresentation
15 COMPANY;                                )  4. Unfair Business Practices
   and DOES 1-10 inclusive,               )  5. Breach of Contract
16                                         )  6. Declaratory Relief
          Defendants.                      )
17                                         )  [JURY TRIAL DEMANDED]

18                          **NATURE OF THE ACTION**

19        1.     In this class action, Plaintiff ISSAC GUTIERREZ ("Plaintiff"), on behalf of himself

20 and all others similarly situated (collectively "Plaintiffs" or the "Class" as defined below), alleges on

21 information and belief the existence of an unfair business practice in which Defendants NATIONAL

22 GENERAL INSURANCE COMPANY ("National") and/or INTEGON NATIONAL INSURANCE

23 COMPANY ("Integon"; collectively "Defendants"), and each of them, make false representations to

24 insureds in a scheme which prevents insureds from receiving the benefits of their auto insurance

25 contracts.

26        2.     Specifically, Plaintiff and the Class' insurance claims were denied and their policies

27 retroactively canceled based on an allegation that the insureds misrepresented in the insurance

28 application ***prepared by Defendants' sales agents*** that there were no other household residents

                                    1

1   and/or drivers of the insured's vehicle. This allegation is false in each instance; in fact, Plaintiff and

2   each member of the Class were either not asked the questions as alleged, or the answers they

3   provided were intentionally disregarded by Defendants' sales agents in order to sell the policies.

4   Either way, this conduct is an unfair business practice affecting a large number of Californians, e.g.,

5   every one of Defendants' insureds who had their claim denied and their policy canceled based on the

6   allegation that the insured misrepresented these facts.

7                                   **PARTIES AND JURISDICTION**

8          3.      Plaintiff is, and at all times mentioned herein was, an individual residing in San

9   Diego County.

10         4.      Defendant National is a business entity of unknown form and which operates

11   throughout the State of California and the County of San Diego.

12         5.      Defendant Integon is a business entity of unknown form and which operates

13   throughout the State of California and the County of San Diego.

14         6.      Plaintiff and the Class are ignorant about the true names of defendants sued as DOES

15   1 through 10, inclusive, and their wrongful conduct, and therefore sue these defendants by fictitious

16   names.  Plaintiff and the Class will seek court leave to amend this complaint to allege their true

17   names and capacities when ascertained.  Plaintiff and the Class allege on information and belief that

18   at all relevant times, Defendant and DOES 1-10, inclusive, were agents, servants, employees,

19   representatives, partners, related or affiliated entities of defendants and alter egos of one another, and

20   in doing the things hereinafter mentioned, were acting in the course and scope of their mutual

21   agency, employment, or retention with Defendants' permission, consent, authority and ratification.

22   Defendants are collectively referred to herein as "Defendants."

23         7.      Venue is proper because the events that give rise to this action occurred here and

24   Defendants operate their businesses here.

25                                   **CLASS ACTION ALLEGATIONS**

26         8.      Plaintiff brings this action on behalf of a class consisting of himself and all other

27   persons/entities in the State of California who are the insureds under any auto insurance policy

28   provided or administered by Defendants, or each of them, and which were denied policy benefits

2

based on an allegation that the insureds misrepresented in the insurance application prepared by Defendants' sales agents that there were no other household residents and/or drivers of the insured's vehicle.

9.     Plaintiff and the Class were directly injured by Defendants' false representations and unfair business practices associated with denying policy benefits.

10.    Defendants do business throughout the State of California, offering and providing auto insurance policies to California citizens.  Thousands of persons have been induced into entering these contractual relationships with Defendants, and continue to do so. The Class is so numerous that joinder of all the members is impracticable.

11.    Plaintiff's claims are typical of the claims asserted on behalf of the Class.

12.    Plaintiff does not have any interests that are adverse or antagonistic to those of the Class.  Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff is committed to the prosecution of this action and has retained competent and experienced counsel.

13.    The individual compensatory damages of most Class members are likely to be relatively small and hence the burden and expense of prosecuting litigation of this nature makes it unlikely that members of the Class would prosecute individual actions.  And if they did, such individual prosecution would be impracticable as well as inefficient.

14.    This court is an appropriate forum for adjudicating the claims at issue, which arise under California statutory and common law. Plaintiff and Defendant operate in this jurisdiction and the events that give rise to Plaintiff's claims occurred in this jurisdiction.

15.    Plaintiff does not anticipate any difficulty in the management of this action as a Class action.

16.    There are many questions of law and fact common to the Class which are predominant over any questions which may affect individual members. The predominant common questions of law and fact include, among others:

        a.     whether Defendants are liable for bad faith breach of insurance contract, *i.e.,* tortious breach of the implied covenant of good faith and fair dealing;

        b.     whether Defendants engaged in unfair or unlawful business practices;

3

c.    whether Defendants are liable for fraud;

d.    whether Defendants are liable for negligent misrepresentation;

e.    whether Defendant are liable for breach of contract;

f.    whether Plaintiff and the Class are entitled to equitable and injunctive relief against Defendant; and

g.    whether Plaintiffs and the Class are entitled to damages, and, if so, the measure of damages.

17.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy.

18.    Plaintiff seeks declaratory, equitable, and injunctive relief, as well as damages, together with reasonable attorneys' fees and costs as permitted by law, on behalf of himself and the Class.

## **FACTUAL ALLEGATIONS**

19.    Defendants are in the business of providing auto insurance.  In conjunction therewith, Defendants enter into contracts with their insureds for the benefit of their insureds.

20.    In order to induce people to enter into these contracts, Defendants utilize sales agents that communicate with potential insureds, many of whom do not speak English or do not speak English well.

21.    Defendants' sales agents speak with potential insureds over the telephone, or via email or text, and ask them certain questions that Defendants' contend are necessary in order to determine whether to issue a policy to the potential insured.

22.    Defendants' sales agents enter the information provided by Plaintiff and the Class into an electronic version of the application.

23.    Pertinent here, Defendants contend that they ask potential insureds to disclose if there are (1) any household residents age 14 years or above, (2) any housemates or roommates, and (3) any non-household drivers who drive the vehicle twice or more in a given month.

24.    In reality, Defendants' sales agents misrepresent the question to the potential insureds; specifically, Defendants' sales agents only ask if there are other drivers, not if there are (1) any

4

household residents age 14 years or above, (2) any housemates or roommates, and (3) any non-household drivers who drive the vehicle twice or more in a given month.

25. Plaintiff and the Class provide truthful answers to the actual questions which Defendants' sales agents ask (not the ones that Defendants contend were asked but were not).

26. Thus, Plaintiff and the Class believe that their truthful responses are being transcribed into the application being prepared by Defendants' sales agents.

27. Instead, Defendants' sales agents, knowing that the question posed to Plaintiff and the Class was "are there other drivers of the vehicle" and the truthful response was "no," proceed to complete the application on behalf of Plaintiff and the Class by entering "yes" to the question "Have you disclosed all household members 14 years and older on the application? or similar words indicating that the query was about other household residents, not merely other drivers.

28. Defendants' sales agents then direct Plaintiff and the Class to sign the application electronically.

29. Plaintiff and the Class, reasonably believing that Defendants' sales agents accurately asked the questions on the application and then accurately entered the information Plaintiff and the Class provided, do as directed and sign the application electronically.

30. As a result of this practice, Plaintiff and the Class are either not asked the questions as alleged, or the answers they provide are intentionally disregarded in order to sell the policies. Either way, this conduct is an unfair business practice affecting a large number of Californians who eventually make an insurance claim.

31. When Plaintiff and the Class made their claims, Defendants denied the claims and canceled the policies, stating that the denial and cancellation was because of a fraudulent misrepresentation by Plaintiff and the Class regarding household members.

32. Defendants' use of this practice in order to deny claims, stating that the denial is because of a fraudulent misrepresentation by Plaintiff and the Class, is an unfair business practice.

33. Defendant designed and perpetrated, and continues to perpetrate, a fraudulent scheme to defraud people (Plaintiff and Class members herein) by willfully concealing, and/or orchestrating the concealment of the fact that the relevant question of whether other drivers will be driving the

1   vehicle regularly is not the one being asked on the application despite Defendants' sales agents
2   inquiry in that regard.

3       34.     Defendants utilize these deceptive tactics in order to sell policies.  As a result of
4   Defendants' unlawful business practices, Plaintiff and the Class have purchased policies from
5   Defendants which do not provide any coverage at all.

6       35.     The coverage Defendants sell is illusory since the first thing Defendants do when
7   communicating with their own insureds regarding claims is to ask questions which may reveal a
8   discrepancy in the application so that Defendants can deny coverage based on what Defendants
9   unilaterally deem to be a material misrepresentation.

10      36.     Defendants make no effort to determine how their sales agents obtained the
11  information from Plaintiff and the Class that is entered into the application upon which Defendants
12  rely to deny coverage.

13      37.     In addition to the obvious harm caused by the denial of claims and cancellation of
14  policies, Plaintiff and the Class also suffer harm from the inclusion of their names on the
15  Defendants' insurance industry database in which they are blacklisted as people whose policies were
16  rescinded or cancelled as a result of material misrepresentations in their applications.

17                              **Class Plaintiff's Transaction**

18      38.     On or about January 23, 2022, Plaintiff was the insured under an auto insurance
19  policy issued by Defendants.  Pursuant to the policy, Plaintiff had full coverage for his automobile.

20      39.     On or about January 23, 2022, Plaintiff was in an auto accident while driving his
21  insured vehicle.

22      40.     On or about January 23, 2022, Plaintiff timely and properly submitted an insurance
23  claim to Defendants.

24      41.     Defendants commenced an investigation of Plaintiff's claim, and, as part thereof,
25  Defendants obtained a recorded statement from Plaintiff regarding the accident.  Defendants also
26  questioned Plaintiff regarding the information that Defendants' sales agent had entered into the
27  electronic insurance application on Plaintiff's behalf, including whether any other people lived with
28  Plaintiff.

6

42.     Plaintiff confirmed that he has a roommate, and has had the same roommate since prior to the inception of the policy.

43.     On or about February 1, 2022, Defendants denied coverage, asserting that Plaintiff failed to disclose (on the application prepared by Defendants' sales agent) that another person resided at the policy address.

44.     Defendants then rescinded Plaintiff's policy, stating that the reason for the rescission was Plaintiff's material misrepresentation regarding the existence of an additional household member which he allegedly failed to disclose.

45.     This basis for denial of coverage is improper, as Plaintiff was not asked by Defendants' sales representative whether anyone lived with him; he was only asked if there were any other drivers.  To this question, his truthful answer was "no."

46.     There is no other basis for Defendants' wrongful denial of Plaintiff's claim and rescission of his policy; the sole basis is Plaintiff's alleged failure to disclose an additional household member in his application.

## FIRST CAUSE OF ACTION

### Bad Faith Breach of Insurance Contract as to All Defendants

47.     Plaintiff incorporates by reference the paragraphs set forth above.

48.     Plaintiff and the Class, directly or through the insureds under Defendants' policies, have performed all of their obligations except those that they were prevented from or excused from performing.

49.     Defendants, at all relevant times, had a duty to act fairly and in good faith with regard to Plaintiff and the Class in carrying out Defendants' responsibilities under the policies.  Implicit in Defendants' obligation to act fairly and in good faith is its duty to comply with its own insurance contracts with regard to coverage, to make reasonable decisions regarding what representations to make to insureds, and to avoid placing Defendants' own interests above those of their insureds.

50.     Defendants breached such obligations and the implied covenant of good faith and fair dealing by actions that include, without limitation, falsely accusing Plaintiff and the Class of making material misrepresentations in their insurance applications, denying coverage based on such false

7

accusations, and rescinding or cancelling policies based on such false accusations.

51. As a direct and proximate result of Defendants' breaches, Plaintiff and the Class have suffered damages in an amount to be proven at trial. Plaintiff and the Class have also incurred attorneys fees and costs to obtain the benefits and/or contract compliance to which Plaintiff and the Class are entitled under the policies.

52. Defendants' misconduct was not simply a single incident of a rogue sales agent incorrectly filling out an application. Rather, Defendants' misconduct as alleged herein is illustrated in one instance by the denial and rescission letters sent to Plaintiff, but the misconduct is pursuant to and consistent with policies and procedures intentionally established and followed by Defendants and their sales agents. These policies and procedures are followed throughout California.

53. In committing the acts alleged herein, Defendants have acted in a despicable manner with a willful and conscious disregard of the rights of Plaintiff and the Class, which has subjected Plaintiff and the Class to cruel and unjust hardship, thereby constituting oppression, fraud or malice under California Civil Code § 3294 and justifying punitive and exemplary damages, in an amount to be determined at trial and sufficient to punish and set an example of Defendants. Defendants' acts were performed or ratified by its managerial employees or agents, who acted with knowledge that their conduct would cause Plaintiff and the Class harm. Plaintiff and the Class are therefore entitled to recover punitive damages.

## SECOND CAUSE OF ACTION

### Fraud Against All Defendants

54. Plaintiff incorporates the above paragraphs as though set forth fully herein.

55. Defendants' pattern and practice is to deny coverage based on an allegation that the insureds misrepresented in the insurance application *prepared by Defendants' sales agents* that there were no other household residents and/or drivers of the insured's vehicle.

56. This allegation is false in each instance; in fact, Plaintiff and each member of the Class were either not asked the questions as alleged, or the answers they provided were intentionally disregarded by Defendants' sales agents in order to sell the policies.

57. By denying coverage and rescinding policies based on alleged misrepresentations for

8

1 | which Defendants' sales agents are solely responsible, Defendant is acting in a manner that is
2 | deceptive to all people who are entitled to policy benefits and who are entitled to maintain policies
3 | without suffering rescission or cancellation thereof.

4 |      58.    Defendants intentionally sought information from Plaintiffs and the Class in order to
5 | utilize that information to deny claims and rescind policies, rather than to protect their insureds and
6 | place their insureds' interests above their own.

7 |      59.    Defendants' accusations regarding Plaintiff and the Class' representations are false.

8 |      60.    Defendants' false representations are material in that people who are entitled to
9 | coverage are entitled to monetary payments and/or the protection of insurance coverage pursuant to
10 | the insurance contracts at issue.

11 |      61.    As a result of Defendants' false representations, Plaintiff and the Class were led to
12 | believe that they could not pursue any claims that they might have had against Defendants, to their
13 | detriment and to the benefit of Defendants.

14 |      62.    As a direct and proximate result of Defendants' breaches, Plaintiff and the Class have
15 | suffered damages in an amount to be proven at trial.  Plaintiff and the Class have also incurred
16 | attorneys fees and costs to obtain the benefits and/or contract compliance to which Plaintiff and the
17 | Class are entitled under the policies.

18 |      63.    Defendants' misconduct was not simply a single incident of a rogue sales agent
19 | incorrectly filling out an application.  Rather, Defendants' misconduct as alleged herein is illustrated
20 | in one instance by the denial and rescission letters sent to Plaintiff, but the misconduct is pursuant to
21 | and consistent with policies and procedures intentionally established and followed by Defendants
22 | and their sales agents.  These policies and procedures are followed throughout California.

23 |      64.    In committing the acts alleged herein, Defendants have acted in a despicable manner
24 | with a willful and conscious disregard of the rights of Plaintiff and the Class, which has subjected
25 | Plaintiff and the Class to cruel and unjust hardship, thereby constituting oppression, fraud or malice
26 | under California Civil Code § 3294 and justifying punitive and exemplary damages, in an amount to
27 | be determined at trial and sufficient to punish and set an example of Defendants. Defendants' acts
28 | were performed or ratified by its managerial employees or agents, who acted with knowledge that

1  their conduct would cause Plaintiff and the Class harm.  Plaintiff and the Class are therefore entitled

2  to recover punitive damages.

3                              **THIRD CAUSE OF ACTION**

4                    **Negligent Misrepresentation Against All Defendants**

5         65.    Plaintiff incorporates the above paragraphs as though set forth fully herein.

6         66.    Defendants' pattern and practice is to deny coverage based on an allegation that the

7  insureds misrepresented in the insurance application ***prepared by Defendants' sales agents*** that there

8  were no other household residents and/or drivers of the insured's vehicle.

9         67.    This allegation is false in each instance; in fact, Plaintiff and each member of the

10  Class were either not asked the questions as alleged, or the answers they provided were intentionally

11  disregarded by Defendants' sales agents in order to sell the policies.

12        68.    By denying coverage and rescinding policies based on alleged misrepresentations for

13  which Defendants' sales agents are solely responsible, Defendant is acting in a manner that is

14  deceptive to all people who are entitled to policy benefits and who are entitled to maintain policies

15  without suffering rescission or cancellation thereof.

16        69.    Defendants intentionally sought information from Plaintiffs and the Class in order to

17  utilize that information to deny claims and rescind policies, rather than to protect their insureds and

18  place their insureds' interests above their own.

19        70.    Defendants' accusations regarding Plaintiff and the Class' representations are false.

20        71.    Defendants had no reasonable grounds for believing the representations set forth

21  above were true.

22        72.    Defendants' false representations are material in that people who are entitled to

23  coverage are entitled to monetary payments and/or the protection of insurance coverage pursuant to

24  the insurance contracts at issue.

25        73.    As a result of Defendants' false representations, Plaintiff and the Class were led to

26  believe that they could not pursue any claims that they might have had against Defendants, to their

27  detriment and to the benefit of Defendants.

28        74.    As a direct and proximate result of Defendants' breaches, Plaintiff and the Class have

1   suffered damages in an amount to be proven at trial.  Plaintiff and the Class have also incurred

2   attorneys fees and costs to obtain the benefits and/or contract compliance to which Plaintiff and the

3   Class are entitled under the policies.

4        75.     Defendants' misconduct was not simply a single incident of a rogue sales agent

5   incorrectly filling out an application.  Rather, Defendants' misconduct as alleged herein is illustrated

6   in one instance by the denial and rescission letters sent to Plaintiff, but the misconduct is pursuant to

7   and consistent with policies and procedures intentionally established and followed by Defendants

8   and their sales agents.  These policies and procedures are followed throughout California.

9                           **FOURTH CAUSE OF ACTION**

10   **Unlawful Business Practices in Violation of Cal. Bus. & Prof. Code § 17200, et seq.**

11                          **Against All Defendants**

12        76.     Plaintiff incorporates the above paragraphs as though set forth fully herein.

13        77.     The Unfair Competition Law, Business & Professions Code section 17200, *et seq.*

14   ("UCL") defines unfair competition to include any unfair, unlawful or fraudulent business act or

15   practice.  Unlawful business acts are those which are in violation of federal, state, county, or

16   municipal statutes or codes, common law, or federal and state regulations.

17        78.     Defendants' acts, practices, misrepresentations, and omissions as herein alleged are

18   unlawful and violate the laws and statutes alleged herein, and thus amount to unfair competition as

19   set forth in the UCL.  As a direct and proximate cause of Defendants' violations of the UCL,

20   Plaintiff and the Class suffered injuries as described herein in the form of denied payments from

21   Defendants, denied insurance coverage for claims against them, and the negative effect of being

22   accused by Defendants of making material misrepresentations in their insurance applications.

23        79.     Defendants' unlawful, unfair and fraudulent business practices, as described herein,

24   present a continuing threat to Plaintiff and the Class because Defendants continue to falsely represent

25   to people entitled to contractual benefits that they are not so entitled, improperly deny coverage, and

26   improperly rescind or cancel policies without no legitimate basis to do so.

27        80.     Defendants have been unjustly enriched by this conduct.  Plaintiff and the Class seek

28   equitable relief because they have no other adequate remedy at law.  Absent equitable relief,

1   Defendants are likely to continue to injure customers and reap unjust enrichment, thus engendering a

2   multiplicity of judicial proceedings.

3        81.    Defendants' acts and practices are unlawful because they violate common law and the

4   statutes set forth herein and as described above, including  Business and Professions Code §17500

5   and Insurance Code §790.03(h).  Defendants thus violated the UCL as a result of those acts and

6   practices.  Defendants' conduct was unfair in violation of the UCL, because, *inter alia,* the injury to

7   Plaintiff and Class members caused by Defendants' conduct greatly outweighs any alleged

8   countervailing benefit to consumers or competition under all of the circumstances.

9        82.    To this day, Defendants continue to violate the UCL by continuing the practice of

10   denying claims and rescinding or cancelling policies based on falsely accusing the insureds of

11   making material misrepresentations in their applications.

12        83.    Defendants have been unjustly enriched and should be required to make restitution to

13   Plaintiff and the Class and/or disgorge their ill-gotten profits pursuant to Business & Professions

14   Code section 17203.

15        84.    Plaintiff, on behalf of himself and all others similarly situated, demands judgment

16   against Defendants for injunctive relief, restitution, and/or proportional disgorgement of profits

17   earned as a result of the conduct alleged herein, including but not limited to interest on payments

18   delayed or constructively denied, along with interest, attorneys' fees and costs pursuant to, inter alia,

19   Code of Civil Procedure section 1021.5.

**FIFTH CAUSE OF ACTION**

**Breach of Contract Against All Defendants**

22        85.    Plaintiff incorporates the above paragraphs as though set forth fully herein.

23        86.    Defendants entered into written contracts which included Plaintiff and Class members

24   as insureds.

25        87.    Plaintiff and the Class, directly or through the insureds under Defendants' policies,

26   have performed all of their obligations except those that they were prevented from or excused

27   from performing.

28        88.    Defendants breached the contracts by, inter alia, failing to provide the payments to

Plaintiff and the Class which Defendant contracted to provide, and failing to provide insurance coverage for claims against Plaintiff and the Class, pursuant to the obligation to provide insurance coverage as stated in the insurance contracts and as governed by Defendants' fiduciary duties which they owe to all insureds.

89.     By engaging in the acts and practices as set forth herein, Defendants have breached the contracts which were intended to inure to the benefit of Plaintiff and the Class.

90.     The breaches of contract by Defendants as alleged herein have caused Plaintiff and the Class to suffer damages in an amount to be proven at trial.

## SIXTH CAUSE OF ACTION

### Declaratory Relief Against All Defendants

91.     Plaintiff incorporates the above paragraphs as though set forth fully herein.

92.     An actual controversy has arisen and now exists between Plaintiff and the Class on the one hand, and Defendants on the other, concerning their respective rights and duties in that Plaintiff and the Class contend that Defendants have implemented a practice and procedure in which Defendants' sales representatives' failures to properly obtain and enter information into Defendants' application form are improperly attributed to Plaintiff and the Class.

93.     Defendants contend that their practices and procedures, their actions, and their representations are within their rights and are appropriate.

94.     Plaintiff and the Class desire a judicial determination of their rights and duties, and a declaration as to the validity or lack thereof of Defendants' practices and procedures, actions, determinations not to act, and representations.

95.     A judicial declaration is necessary and appropriate under the circumstances in order that Plaintiff and the Class may ascertain their rights as alleged.

### PRAYER FOR RELIEF

Plaintiff and the Class pray for judgment against Defendants, and each of them, as follows:

1.     An order certifying the Class and any appropriate subclasses and designating Plaintiff as the Class Representative and Plaintiff's counsel as Class Counsel;

2.     That the Court preliminarily and permanently enjoin Defendants from engaging in the

13

1    conduct alleged herein;

2    3.    Other injunctive relief as may be appropriate;

3    4.    Restitution and disgorgement any ill-gotten profits from Defendants to the extent

4    permitted by applicable law, together with interest thereon from the date of payment;

5    5.    For statutory damages according to proof;

6    6.    For general damages according to proof;

7    7.    For special damages according to proof;

8    8.    For exemplary or punitive damages;

9    9.    A declaration that Defendants are financially responsible for notifying all Class members

10    of the pendency of this action;

11    10.    Reasonable costs and attorneys' fees;

12    11.    Statutory pre-judgment interest; and

13    12.    For such other relief as the Court may deem proper.

14    Dated: July 13, 2022             Levinson Stockton LLP
Attorneys for Plaintiff and the Class

*Daniel Levinson*

By:    Daniel S. Levinson

14

# EXHIBIT 2

STEPHEN M. HAYES (SBN: 83583)
TYLER R. AUSTIN (SBN 293977)
HAYES SCOTT BONINO ELLINGSON
GUSLANI SIMONSON & CLAUSE, LLP
999 Skyway Road, Suite 310
San Carlos, California 94070
Telephone:    (650) 637-9100
Facsimile:     (650) 637-8071

Attorneys for Defendants
NATIONAL GENERAL INSURANCE COMPANY and
INTEGON NATIONAL INSURANCE COMPANY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| ISSAC GUTIERREZ,<br>and all other similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>NATIONAL GENERAL INSURANCE<br>COMPANY; INTEGON NATIONAL<br>INSURANCE COMPANY; and DOES 1<br>through 10, inclusive,<br><br>　　　　　　Defendants. | CASE NO.: 37-2022-00027831-CU-IC-CTL<br><br>**DEFENDANTS NATIONAL GENERAL<br>INSURANCE COMPANY AND<br>INTEGON NATIONAL INSURANCE<br>COMPANY'S ANSWER TO<br>COMPLAINT**<br><br><br>**Date Action Filed:**　July 13, 2022<br>**Trial Date:**　　　　Not Yet Set |

1953264

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## GENERAL DENIAL

Defendants, National General Insurance Company and Integon National Insurance Company ("Defendants,") in answer to the Complaint of Plaintiffs herein, herewith deny each and every, all and singular, generally and specifically, the allegations of the unverified Complaint, and in this connection, Defendants deny that Plaintiffs have been injured or damaged in any of the sums mentioned in the Complaint, or in any sum, or at all as the result of any act or omission of these answering Defendants.

## AFFIRMATIVE DEFENSES

AS A FIRST SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, these answering Defendants allege that said Complaint fails to state facts sufficient to constitute a cause of action against these answering Defendants.

AS A SECOND SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, these answering Defendants allege that Plaintiffs have waived and are estopped and barred from alleging the matters set forth in the Complaint.

AS A THIRD SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, these answering Defendants allege that Plaintiffs' claims are barred by the doctrine of judicial estoppel.

AS A FOURTH SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, these answering Defendants allege that at all times and places mentioned in the Complaint, Plaintiffs failed to perform certain conditions precedent and/or warranties that were imposed upon Plaintiffs by contract.  The non-performance of said conditions and/or warranties excused Defendants' obligations under the contract, and/or entitled the Defendants to rescind the contract.

AS A FIFTH SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, these answering

Defendants allege that at all times and places mentioned in the Complaint herein, Plaintiffs failed to mitigate the amount of their alleged damages.  The damages claimed by Plaintiffs could have been mitigated by due diligence on their part or by one acting under similar circumstances.  Plaintiffs' failure to mitigate is a bar to their recovery under the Complaint.

AS A SIXTH SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, these answering Defendants allege that the insurance policy at issue in the Complaint afforded no coverage or coverage was barred by one or more exclusions or other provisions in said policy.

AS A SEVENTH SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, these answering Defendants allege on information and belief that Plaintiffs cannot assert any contractual causes of action set forth in its Complaint because Plaintiffs prevented performance of said contract.

AS AN EIGHTH SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, these answering Defendants allege on information and belief that Plaintiffs cannot assert any of the contractual causes of action contained in their Complaint because Plaintiffs materially breached said contract.

AS A NINTH SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, these answering Defendants allege that the Complaint is barred by the doctrine of unclean hands.

AS A TENTH SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, these answering Defendants allege that Plaintiffs cannot assert any of the contractual claims contained in their Complaint because Plaintiffs made material misrepresentations and/or concealments in their insurance policy applications.

AS AN ELEVENTH SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, these answering Defendants allege that Plaintiffs' Complaint, to the extent that it seeks exemplary or punitive damages pursuant to §3294 of the Civil Code, violates Defendants' right to procedural due process

under the Fourteenth Amendment of the United States Constitution, and the Constitution of the State of California, and therefore fails to state a cause of action upon which either punitive or exemplary damages can be awarded.

AS A TWELFTH SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, these answering Defendants allege that Plaintiffs' Complaint, to the extent that it seeks punitive or exemplary damages pursuant to §3294 of the Civil Code, violates Defendants' rights to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article I, Section 17, of the Constitution of the State of California, and violates Defendants' rights to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of California, and therefore fails to state a cause of action supporting the punitive or exemplary damages claimed.

AS A THIRTEENTH SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, these answering Defendants allege that Plaintiffs have consented and acquiesced to the matters alleged in the Complaint.

AS A FOURTEENTH SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, these answering Defendants allege that the Complaint is barred by the doctrine of laches.

AS A FIFTEENTH SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, these answering Defendants allege that any and all damages sustained by Plaintiffs, if at all, were proximately caused by the acts or omissions of parties other than Defendants, including Third parties, and, therefore, any award against Defendants should be reduced by the comparative or contributory fault of those other parties.

AS A SIXTEENTH SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, these answering Defendants allege that the causes of action set forth in the Complaint are, and each of them is, time-

1   barred by the applicable insurance policy or the statute of limitations set forth in the applicable

2   provisions of Code of Civil Procedure sections 335 et seq., including but not limited to sections 337

3   and 339.

4   **PRAYER FOR RELIEF**

5       WHEREFORE, these answering Defendants pray for judgment against Plaintiffs as follows:

6       1.   That Plaintiffs take nothing by their Complaint;

7       2.   That Plaintiffs' Complaint be dismissed with prejudice;

8       3.   That judgment is entered in favor of Defendants on Plaintiffs' Complaint;

9       4.   For costs of suit incurred herein; and

10      5.   For such other and further relief as the Court deems proper.

11

12  Dated:  August 17, 2022                HAYES SCOTT BONINO ELLINGSON
                                           GUSLANI SIMONSON & CLAUSE, LLP

13

14                                         By:_____

15                                             STEPHEN M. HAYES
                                               TYLER R. AUSTIN

16                                             Attorneys for Defendants
                                               NATIONAL GENERAL INSURANCE COMPANY

17                                             and INTEGON NATIONAL INSURANCE
                                               COMPANY

18

19

20

21

22

23

24

25

26

27

28

1

**DEMAND FOR JURY TRIAL**

2          Defendants Integon National Insurance Company and National General Insurance Company

3   hereby demand a jury trial on all issues.

4

Dated:  August 17, 2022          HAYES SCOTT BONINO ELLINGSON

5                                          GUSLANI SIMONSON & CLAUSE, LLP

6

7                              By:_____

8                                   STEPHEN M. HAYES
                                    TYLER R. AUSTIN
9                                   Attorneys for Defendants
                                    NATIONAL GENERAL INSURANCE COMPANY
                                    and INTEGON NATIONAL INSURANCE
10                                  COMPANY

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1 | **CASE NAME:  Gutierrez (Issac) v. National General Insurance Company, et al.**
**CASE NO.:        37-2022-00027831-CU-IC-CTL**

2

### PROOF OF SERVICE

3

       I am a resident of the State of California. My business address is 999 Skyway Road, Suite
4   310, San Carlos 94070.  I am employed in the County of San Mateo where this service occurs.  I am
over the age of 18 years, and not a party to the within cause.  I am readily familiar with my
5   employer's normal business practice for collection and processing of correspondence for mailing
with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S.
6   Postal Service the same day as the day of collection in the ordinary course of business.

7        On the date set forth below, following ordinary business practice, I served a true copy of the
foregoing document(s) described as:

8

**DEFENDANTS NATIONAL GENERAL INSURANCE COMPANY AND INTEGON**
9   **NATIONAL INSURANCE COMPANY'S ANSWER TO COMPLAINT**

10   ☒        (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be
placed in the United States mail at Redwood City, California.
11

12   ☐        (BY OVERNIGHT DELIVERY) I caused such envelope(s) to be delivered to an
overnight delivery carrier with delivery fees provided for, addressed to the
person(s) on whom it is to be served.

13   ☐        (BY EMAIL) by transmitting via email the document(s) listed above to the
corresponding email address(es), or as stated on the attached service list, on this
14   date before 5:00 p.m.

15

16                Daniel S. Levinson, Esq.
LEVINSON STOCKTON LLP
17                990 Highland Drive, Suite 206
Solana Beach, CA 92075
18                Telephone: (858) 792-1100

19                ***Attorney for Plaintiffs***
**ISSAC GUTIERREZ, and all other**
20                **similarly situated**

21   ☒        *(State)* I declare under penalty of perjury under the laws of the State of California
that the above is true and correct.
22

23   Executed on August 17, 2022 at San Carlos, California.

24

25   _____
Abigail Calderon

26

27

28

**CASE NAME:  Gutierrez (Issac) v. National General Insurance Company, et al.**
**CASE NO.:**

## PROOF OF SERVICE

I am a resident of the State of California. My business address is 999 Skyway Road, Suite 310, San Carlos 94070.  I am employed in the County of San Mateo where this service occurs.  I am over the age of 18 years, and not a party to the within cause.  I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On the date set forth below, following ordinary business practice, I served a true copy of the foregoing document(s) described as:

**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTIONS 1332 AND 1441a [DIVERSITY JURISDICTION]; DEMAND FOR JURY TRIAL**

☒   (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Redwood City, California.

☐   (BY OVERNIGHT DELIVERY) I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

☐   (BY EMAIL) by transmitting via email the document(s) listed above to the  corresponding email address(es), or as stated on the attached service list, on this date before 5:00 p.m.

Daniel S. Levinson, Esq.
LEVINSON STOCKTON LLP
990 Highland Drive, Suite 206
Solana Beach, CA 92075
Telephone: (858) 792-1100

*Attorney for Plaintiffs*
**ISSAC GUTIERREZ, and all**
**other similarly situated**

☒   *(Federal)* I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 18, 2022 at San Carlos, California.

_____
Abigail Calderon

**PROOF OF SERVICE**