Daniel S. Levinson, State Bar No. 167659
Levinson Stockton LLP
990 Highland Drive, Suite 206
Solana Beach, California 92075
Telephone: (858) 792-1100

Attorneys for Plaintiff ISSAC GUTIERREZ

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISSAC GUTIERREZ, | Case No: 22-cv-01209-L-BGS |
| Plaintiff, | FIRST AMENDED COMPLAINT FOR DAMAGES FOR: |
| vs. | |
| NATIONAL GENERAL INSURANCE COMPANY et al. | 1. Bad Faith Breach of Insurance Contract, *i.e.,* Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing |
| Defendants. | 2. Fraud |
| | 3. Negligent Misrepresentation |
| | 4. Unfair Business Practices |
| | 5. Breach of Contract |
| | 6. Conspiracy |
| | 7. Declaratory Relief |
| | [JURY TRIAL DEMANDED] |

**NATURE OF THE ACTION**

1.    Plaintiff ISSAC GUTIERREZ ("Plaintiff") alleges the existence of an unfair business practice in which Defendants NATIONAL GENERAL INSURANCE COMPANY ("National") and INTEGON NATIONAL INSURANCE COMPANY ("Integon") and FREEWAY INSURANCE SERVICES AMERICA, LLC ("Freeway"; collectively "Defendants"), and each of them, acted and conspired to deprive Plaintiff from receiving the benefits of his auto insurance contract.

2.    Specifically, Plaintiff's insurance claim was denied and his policy retroactively canceled based on an allegation that he misrepresented in the insurance application prepared by Defendants' sales agents that there were no other household

1

members in Plaintiff's household. This allegation is false; in fact, Plaintiff was not asked about household members.

## PARTIES AND JURISDICTION

3.     Plaintiff is, and at all times mentioned herein was, an individual residing in San Diego County.

4.     Defendant National is a business entity of unknown form and which operates throughout the State of California and the County of San Diego.

5.     Defendant Integon is a business entity of unknown form and which operates throughout the State of California and the County of San Diego.

6.     Defendant Freeway is a business entity of unknown form and which operates throughout the State of California and the County of San Diego.

7.     Plaintiff is ignorant about the true names of defendants sued as DOES 1 through 10, inclusive, and their wrongful conduct, and therefore sue these defendants by fictitious names.  Plaintiff will seek court leave to amend this complaint to allege their true names and capacities when ascertained.  Plaintiff alleges on information and belief that at all relevant times, Defendant and DOES 1-10, inclusive, were agents, servants, employees, representatives, partners, related or affiliated entities of defendants and alter egos of one another, and in doing the things hereinafter mentioned, were acting in the course and scope of their mutual agency, employment, or retention with Defendants' permission, consent, authority and ratification. Defendants are collectively referred to herein as "Defendants."

8.     Venue is proper because the events that give rise to this action occurred here and Defendants operate their businesses here.

## FACTUAL ALLEGATIONS

9.     Defendants are in the business of providing auto insurance.

10.    Defendants' sales agent spoke with Plaintiff via telephone, and asked questions that Defendants contend are necessary in order to determine whether to issue a policy.

FIRST AMENDED COMPLAINT                                    22-cv-01209-L-BGS

11.     Defendants' sales agent asked scripted questions, then entered the information provided by Plaintiff into an electronic version of the application only accessible to Defendants, not to Plaintiff.

12.     Pertinent here, Defendants contend that they ask potential insureds like Plaintiff to disclose if there are (1) any household residents age 14 years or above, (2) any housemates or roommates, and (3) any non-household drivers who drive the vehicle twice or more in a given month.

13.     In reality, Defendants' sales agent only asked Plaintiff if there were other drivers of the vehicle to be insured.

14.     Plaintiff provided truthful answers to the actual questions which Defendants' sales agent asked.

15.     Plaintiff was led to believe that his truthful responses were being transcribed into the application being prepared by Defendants' sales agent.

16.     Defendants provided Plaintiff with a policy and Plaintiff paid the premium for that policy.

17.     On or about January 23, 2022, Plaintiff was the insured under an auto insurance policy issued by Defendants.  Pursuant to the policy, Plaintiff had full coverage for his automobile.

18.     On or about January 23, 2022, Plaintiff was in an auto accident while driving his insured vehicle.

19.     On or about January 23, 2022, Plaintiff timely and properly submitted an insurance claim to Defendants.

20.     Defendants commenced an investigation of Plaintiff's claim, and, as part thereof, Defendants obtained a recorded statement from Plaintiff regarding the accident.  Defendants also questioned Plaintiff regarding whether any other people lived with Plaintiff.

21.     Plaintiff confirmed that he has a roommate, and has had the same roommate since prior to the inception of the policy.

FIRST AMENDED COMPLAINT                                    22-cv-01209-L-BGS

22.     On or about February 1, 2022, Defendants denied coverage, asserting that Plaintiff failed to disclose (on the application prepared by Defendants' sales agent) that another person resided at the policy address.

23.     Defendants then canceled Plaintiff's policy, stating that the reason for the cancellation was Plaintiff's material misrepresentation regarding the existence of an additional household member which he allegedly failed to disclose.

24.     This basis for denial of coverage is improper, as Plaintiff was not asked by Defendants' sales representative whether anyone lived with him; he was only asked if there were any other drivers.  To this question, his truthful answer was "no."

25.     There is no other basis for Defendants' wrongful denial of Plaintiff's claim and rescission of his policy; the sole basis is Plaintiff's alleged failure to disclose an additional household member in his application.

26.     Defendants' use of this scheme in order to deny claims, stating that the denial is because of a fraudulent misrepresentation by Plaintiff, is an unfair business practice.

27.     Defendants designed and perpetrated, and continue to perpetrate, a fraudulent scheme to defraud Plaintiff by willfully concealing, and/or orchestrating the concealment of the fact that the relevant question of whether other drivers will be driving the vehicle regularly is not the one being asked on the application despite Defendants' sales agent's inquiry in that regard.

28.     As a result of Defendants' unlawful business practices, Plaintiff purchased a policy from Defendants which did not provide any coverage at all.

29.     The coverage Defendants sold was illusory since the first thing Defendants did when communicating with Plaintiff regarding his claim was to ask questions seeking to reveal a discrepancy in the application so that Defendants can deny coverage based on what Defendants unilaterally deem to be a material misrepresentation.

/ / /

FIRST AMENDED COMPLAINT                                        22-cv-01209-L-BGS

30.    In addition to the obvious harm caused by the denial of Plaintiff's claim and cancellation of his policy, Plaintiff also suffers harm from the inclusion of his name on the Defendants' insurance industry database in which he is blacklisted as a person whose policy was cancelled as a result of material misrepresentations in his applications.

## FIRST CAUSE OF ACTION

### Bad Faith Breach of Insurance Contract as to All Defendants

31.    Plaintiff incorporates by reference the paragraphs set forth above.

32.    Plaintiff has performed all of his obligations except those that he was prevented from or excused from performing.

33.    Defendants, at all relevant times, had a duty to act fairly and in good faith with regard to Plaintiff in carrying out Defendants' responsibilities under the policy. Implicit in Defendants' obligation to act fairly and in good faith is its duty to comply with its own insurance contracts with regard to coverage, to make reasonable decisions regarding what representations to make to insureds, and to avoid placing Defendants' own interests above those of their insureds.

34.    Defendants breached such obligations and the implied covenant of good faith and fair dealing by actions that include, without limitation, falsely accusing Plaintiff of making material misrepresentations in his insurance application, denying coverage based on such false accusations, and cancelling his policy based on such false accusations.

35.    As a direct and proximate result of Defendants' breaches, Plaintiff has suffered damages in an amount to be proven at trial.  Plaintiff has also incurred attorneys fees and costs to obtain the benefits and/or contract compliance to which Plaintiff is entitled under the policy.

36.    Defendants' misconduct was not simply a single incident of a rogue sales agent incorrectly filling out an application.  Rather, Defendants' misconduct as alleged herein is illustrated in one instance by the denial and cancellation letters sent to

5

Plaintiff, but the misconduct is pursuant to and consistent with policies and procedures intentionally established and followed by Defendants and their sales agents.

37.    Defendants' acts were performed or ratified by its managerial employees or agents, who acted with knowledge that their conduct would cause Plaintiff harm.  In committing the acts alleged herein, Defendants have acted in a despicable manner with a willful and conscious disregard of the rights of Plaintiff, which has subjected Plaintiff to cruel and unjust hardship, thereby constituting oppression, fraud or malice under California Civil Code § 3294 and justifying punitive and exemplary damages, in an amount to be determined at trial and sufficient to punish and set an example of Defendants.

## SECOND CAUSE OF ACTION

### Fraud Against All Defendants

38.    Plaintiff incorporates the above paragraphs as though set forth fully herein.

39.    Defendants' pattern and practice is to deny coverage based on an allegation that Plaintiff misrepresented in the insurance application prepared by Defendants' sales agent that there were no other household residents living in Plaintiff's home at the time of the application.

40.    This allegation is false in each instance; in fact, Plaintiff was not asked the questions as alleged, or the answers they provided were intentionally disregarded by Defendants' sales agents in order to sell the policies.

41.    By denying coverage and cancelling policies based on alleged misrepresentations for which Defendants' sales agents are solely responsible, Defendant acted in a manner that is deceptive to Plaintiff, who is entitled to policy benefits and to maintain his policy without suffering cancellation thereof.

/ / /

42.    Defendants intentionally sought post-claim information from Plaintiff in

6

FIRST AMENDED COMPLAINT                                  22-cv-01209-L-BGS

order to utilize that information to deny his claim and cancel his policy, rather than to protect him and place his interests above their own.

43.    Defendants' accusations regarding Plaintiff's representations are false.

44.    Defendants' false representations are material in that Plaintiff is entitled to monetary payments and/or the protection of insurance coverage pursuant to the insurance contract at issue.

45.    As a direct and proximate result of Defendants' fraud, Plaintiff has suffered damages in an amount to be proven at trial.  Plaintiff has also incurred attorneys fees and costs to obtain the benefits and/or contract compliance to which Plaintiff is entitled under the policy.

46.    Defendants' misconduct was not simply a single incident of a rogue sales agent incorrectly filling out an application.  Rather, Defendants' misconduct as alleged herein is illustrated in one instance by the denial and cancellation letters sent to Plaintiff, but the misconduct is pursuant to and consistent with policies and procedures intentionally established and followed by Defendants and their sales agents.

47.    Defendants' acts were performed or ratified by its managerial employees or agents, who acted with knowledge that their conduct would cause Plaintiff harm.  In committing the acts alleged herein, Defendants have acted in a despicable manner with a willful and conscious disregard of the rights of Plaintiff, which has subjected Plaintiff to cruel and unjust hardship, thereby constituting oppression, fraud or malice under California Civil Code § 3294 and justifying punitive and exemplary damages, in an amount to be determined at trial and sufficient to punish and set an example of Defendants.

### THIRD CAUSE OF ACTION

### Negligent Misrepresentation Against All Defendants

48.    Plaintiff incorporates the above paragraphs as though set forth fully herein.

49.    Defendants' pattern and practice is to deny coverage based on an

FIRST AMENDED COMPLAINT                              22-cv-01209-L-BGS

allegation that Plaintiff misrepresented in the insurance application prepared by Defendants' sales agent that there were no other household residents living in Plaintiff's home at the time of the application.

50.     This allegation is false in each instance; in fact, Plaintiff was not asked the questions as alleged, or the answers they provided were intentionally disregarded by Defendants' sales agents in order to sell the policies.

51.     By denying coverage and cancelling policies based on alleged misrepresentations for which Defendants' sales agents are solely responsible, Defendant acted in a manner that is deceptive to Plaintiff, who is entitled to policy benefits and to maintain his policy without suffering cancellation thereof.

52.     Defendants intentionally sought post-claim information from Plaintiff in order to utilize that information to deny his claim and cancel his policy, rather than to protect him and place his interests above their own.

53.     Defendants' accusations regarding Plaintiff's representations are false.

54.     Defendants had no reasonable grounds for believing the representations set forth above were true.

55.     Defendants' false representations are material in that Plaintiff is entitled to monetary payments and/or the protection of insurance coverage pursuant to the insurance contract at issue.

56.     As a direct and proximate result of Defendants' negligent misrepresentations, Plaintiff has suffered damages in an amount to be proven at trial. Plaintiff has also incurred attorneys fees and costs to obtain the benefits and/or contract compliance to which Plaintiff is entitled under the policy.

/ / /

## FOURTH CAUSE OF ACTION

### Unfair Business Practices (Bus. & Prof. Code § 17200, et seq.)

8

**Against All Defendants**

57.    Plaintiff incorporates the above paragraphs as though set forth fully herein.

58.    The Unfair Competition Law, Business & Professions Code section 17200, *et seq*. ("UCL") defines unfair competition to include any unfair, unlawful or fraudulent business act or practice.  Unlawful business acts are those which are in violation of federal, state, county, or municipal statutes or codes, common law, or federal and state regulations.

59.    Defendants' acts, practices, misrepresentations, and omissions as herein alleged are unlawful and violate the laws and statutes alleged herein, and thus amount to unfair competition as set forth in the UCL.  As a direct and proximate cause of Defendants' violations of the UCL, Plaintiff suffered injuries as described herein in the form of denied payments from Defendants, denied insurance coverage for claims against him, and the negative effect of being accused by Defendants of making material misrepresentations in his insurance application.

60.    Defendants have been unjustly enriched by this conduct.  Plaintiff seeks equitable relief because he has no other adequate remedy at law.  Absent equitable relief, Defendants are likely to continue to harm Plaintiff and reap unjust enrichment by maintaining the improper denial of his claim.

61.    Defendants' acts and practices are unlawful because they violate common law and the statutes set forth herein and as described above, including  Business and Professions Code §17500 and Insurance Code §790.03(h).  Defendants thus violated the UCL as a result of those acts and practices.  Defendants' conduct was unfair in violation of the UCL, because, *inter alia,* the injury to Plaintiff caused by Defendants' conduct greatly outweighs any alleged countervailing benefit to consumers or competition under all of the circumstances.

62.    Defendants have been unjustly enriched and should be required to make restitution to Plaintiff and/or disgorge their ill-gotten profits pursuant to Business &

9

Professions Code section 17203.

63.     Plaintiff thus demands judgment against Defendants for injunctive relief, restitution, and/or proportional disgorgement of profits earned as a result of the conduct alleged herein, including but not limited to interest on payments delayed or constructively denied, along with interest, attorneys' fees and costs pursuant to, inter alia, Code of Civil Procedure section 1021.5.

### FIFTH CAUSE OF ACTION

### Breach of Contract Against All Defendants

64.     Plaintiff incorporates the above paragraphs as though set forth fully herein.

65.     Defendants entered into a written contract with Plaintiff as the  insured.

66.     Plaintiff has performed all of his obligations except those that he was prevented from or excused from performing.

67.     Defendants breached the contract by, inter alia, failing to provide the payments to Plaintiff which Defendants contracted to provide, and failing to provide insurance coverage for claims against Plaintiff, pursuant to the obligation to provide insurance coverage as stated in the insurance contract and as governed by Defendants' fiduciary duties which they owe to all insureds.

68.     By engaging in the acts and practices as set forth herein, Defendants have breached the contract which was intended to inure to the benefit of Plaintiff.

69.     The breaches of contract by Defendants as alleged herein have caused Plaintiff to suffer damages in an amount to be proven at trial.

### SIXTH CAUSE OF ACTION

### Conspiracy Against All Defendants

70.     Plaintiff incorporates the above paragraphs as though set forth fully herein.

71.     Plaintiff was harmed by Defendants' tortious conduct and breaches of contract as set forth herein.

FIRST AMENDED COMPLAINT                                22-cv-01209-L-BGS

72.    Each Defendant is responsible for the harm because it was part of a conspiracy to commit tortious conduct and breaches of contract.

73.    Each Defendant was aware that the other Defendants planned to harm Plaintiff through the tortious conduct and breaches of contract as set forth herein.

74.    Each Defendant agreed to act with the other Defendants and intended that the tortious conduct and breaches of contract be committed.

75.    As a direct and proximate result of Defendants' conspiracy, Plaintiff has suffered damages in an amount to be proven at trial.  Plaintiff has also incurred attorneys fees and costs to obtain the benefits and/or contract compliance to which Plaintiff is entitled under the policy.

76.    Defendants' misconduct was not simply a single incident of a rogue sales agent incorrectly filling out an application.  Rather, Defendants' misconduct as alleged herein is illustrated in one instance by the denial and cancellation letters sent to Plaintiff, but the misconduct is pursuant to and consistent with policies and procedures intentionally established and followed by Defendants and their sales agents.

77.    Defendants' acts were performed or ratified by its managerial employees or agents, who acted with knowledge that their conduct would cause Plaintiff harm.  In committing the acts alleged herein, Defendants have acted in a despicable manner with a willful and conscious disregard of the rights of Plaintiff, which has subjected Plaintiff to cruel and unjust hardship, thereby constituting oppression, fraud or malice under California Civil Code § 3294 and justifying punitive and exemplary damages, in an amount to be determined at trial and sufficient to punish and set an example of Defendants.

/ / /

## SEVENTH CAUSE OF ACTION
### Declaratory Relief Against All Defendants

11

FIRST AMENDED COMPLAINT                                22-cv-01209-L-BGS

78.    Plaintiff incorporates the above paragraphs as though set forth fully herein.

79.    An actual controversy has arisen and now exists between Plaintiff on the one hand, and Defendants on the other, concerning their respective rights and duties in that Plaintiff contend that Defendants have implemented a practice and procedure in which Defendants' sales representatives' failures to properly obtain and enter information into Defendants' application form were improperly attributed to Plaintiff.

80.    Defendants contend that their practices and procedures, their actions, and their representations are within their rights and are appropriate.

81.    Plaintiff desires a judicial determination of his rights and duties, and a declaration as to the validity or lack thereof of Defendants' practices and procedures, actions, determinations not to act, and representations.

82.    A judicial declaration is necessary and appropriate under the circumstances in order that Plaintiff may ascertain his rights as alleged.

## **PRAYER FOR RELIEF**

Plaintiff prays for judgment against Defendants, and each of them, as follows:

1.    That the Court preliminarily and permanently enjoin Defendants from engaging in the conduct alleged herein;

2.    Other injunctive relief as may be appropriate;

3.    Restitution and disgorgement any ill-gotten profits from Defendants to the extent permitted by applicable law, together with interest thereon from the date of payment;

4.    For statutory damages according to proof;

5.    For general damages according to proof;

6.    For special damages according to proof;

7.    For exemplary or punitive damages;

8.    Attorneys' fees;

FIRST AMENDED COMPLAINT                          22-cv-01209-L-BGS

9.    Costs;

10.    Statutory pre-judgment interest; and

11.    For such other relief as the Court may deem proper.

Dated: September 7, 2022              /s/ Daniel S. Levinson

                              By:    Daniel S. Levinson
                                     Levinson Stockton LLP
                                     Attorneys for Plaintiff ISSAC GUTIERREZ
                                     Email: dan@levinsonstockonllp.com
                                     Telephone: 858.792.1100

13

FIRST AMENDED COMPLAINT                              22-cv-01209-L-BGS